**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **29SC FOUR POINTE LP,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-243** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **JESSICA BROWN,** *et al.*, | : | **Magistrate Judge Vascura** |
| | : | |
| | : | |
| **Defendants.** | : | |

**<u>OPINION & ORDER</u>**

This matter comes before this Court on Defendant Jessica Brown's Motions for Hearing Regarding Status of State Court (ECF No. 6), Injunction (ECF No. 8), and Brown's Objections to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 12). (ECF No. 13). In the R&R, the Magistrate Judge recommended that this Court remand this action to the Franklin County Municipal Court and deny Brown's Motions for Hearing and Injunction. (ECF No. 12). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 12) and **OVERRULES** Brown's Objections (ECF No. 13). This action is **REMANDED** to the Franklin County Municipal Court. Accordingly, Brown's Motions for a Hearing and Injunction (ECF Nos. 6, 8) are hereby **DENIED as MOOT**.

## I.   BACKGROUND

On February 12, 2026, Plaintiff, 29SC Four Pointe LP, filed a Petition in Forcible Entry and Detainer against Defendant, Jessica Brown, in the Municipal Court of Franklin County, Ohio. *See 29SC Four Pointe LP v. Jessica Brown, Franklin County M.C.*, No. 26 CVG 008106. The petition sought to evict Brown from her residence due to her alleged failure to pay rent in violation of the lease agreement. (ECF No. 1-1). On March 4, 2026, the Municipal Court issued a Writ of

1

Restitution which required Brown to vacate the premises. Subsequently, Brown appealed the writ to the Tenth District Court of Appeals which stayed its enforcement. (*Id.*).

On February 27, 2026, Brown filed a Notice of Removal in this Court. (ECF No. 1-1 at 1). The Magistrate Judge issued a Report and Recommendation on April 14, 2026, recommending that the Court remand this action to the Franklin County Municipal Court and deny Brown's pending Motions. (ECF No. 12 at 5–6). The Magistrate Judge opined that this Court lacked subject matter jurisdiction and additionally that Brown's request that this Court intervene in the state court action is barred by the *Rooker-Feldman* doctrine. (*Id.* at 3–4). The R&R specified that Brown's Notice of Removal consists only of state-law claims for eviction under Ohio Revised Code Chapter 1923, which "are creatures of state law." (*Id.* at 5).

On April 28, 2026, Brown filed timely objections to the R&R. (ECF No. 12). These matters are now ripe for this Court's review.

## II.     STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III.    LAW AND ANALYSIS

In her Objection, Brown merely contends that the Magistrate Judge erred by "not apprending from the Franklin County Municipal Court docket that the Defendant Jessica Brown's Due Process rights have been violated by the Plaintiff 29SC Four Point LP pursuing eviction." (ECF No. 13 at 1). Given that Brown failed to make any substantive argument as to the Magistrate Judge's R&R, this Court construes the Objection as a general objection, which is not sufficient to appeal the Order. *Reitz v. McKay*, 2014 WL 6770139, at *1 (S.D. Ohio Dec. 1, 2014) (citing *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991) ("Plaintiff's 'objection' cannot be construed as anything other than a general objection, which does not suffice to preserve issues for appeal.")). Further, the Magistrate Judge is correct that the eviction action at issue only raises a state law claim and Brown's attempt to raise a defense based on federal violations of ERAP does not give this Court authority to intervene. *JLL Properties LLC v. Ward*, 2021 WL 784324, at *2 (W.D. Ky., 2021) ("Defendants' attempt to raise federal issues pursuant to the CARES Act simply does not create federal jurisdiction because they are merely claiming a "'substantive federal defense to a state-law claim [which does] not raise a federal question.'") (citations omitted). Thus, this Court does not have subject matter jurisdiction over this action.

## IV.    CONCLUSION

For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 12) and **OVERRULES** Brown's Objections (ECF No. 13). This action is **REMANDED** to the

Franklin County Municipal Court. Accordingly, Brown's Motions for Injunction and to Compel (ECF Nos. 6, 9) are hereby **DENIED as MOOT**.

      **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 27, 2026**

4